MALLEN, PLAINTIFF AND APPELLANT, *v.* VIDAL ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for a Judgment of *Patria Potestas* and to Set Aside the Appointment of Tutors, etc.

No. 1560.—Decided July 24, 1917.

PATRIA POTESTAS—DIVORCE—FAMILY RELATIONS.—When a marriage is dissolved by a decree of divorce and the innocent spouse is awarded the custody and *patria potestas* of the minor children in accordance with section 234 of the Civil Code, the guilty spouse cannot regain the *patria potestas* upon the death of the other; for the nature of the custody awarded to the innocent spouse is to destroy the legal relation existing between the guilty parent and the children, although family relations, as distinguished from *patria potestas*, may continue, according to section 175 of the said code.

ID.—RIGHTS OF MOTHER—ABSENCE, INCAPACITY OR DEATH OF FATHER.—As the right to the *patria potestas* naturally inheres in both parents, it was not the intention of the legislature, in amending section 222 of the Civil Code on March 14, 1907, in the sense that the *patria potestas* should belong in

the first place to the father, to give him an exclusive right over the chil-
dren and to abolish the fundamental right of the mother only to arise in
case of the death, disability or absence of the father.

The facts are stated in the opinion.

*Messrs. José de Diego* and *Manuel Rodríguez Serra* for
the appellant.

The appellees did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant sought a judicial declaration to obtain the
*patria potestas* over her minor son, and other relief. In the
lifetime of her husband she had been divorced and the cus-
tody of the child, by the judgment, had been given to the
said husband. He died leaving testamentary guardians for
his said son and she maintains that by his death the said
*patria potestas* devolved upon her. The question was de-
cided in the court below against the complainant by sustain-
ing a demurrer to her complaint.

The appellant concedes that before March 14, 1907, the
divorce decree would have definitely deprived her of the
right to the custody of the child, inasmuch as before that
date the father and the mother indiscriminately exercised
the *patria potestas* over their minor children, but on March
14, 1907, the law was changed as follows:

"The *patria potestas* over the legitimate children not emanci-
pated belongs in the first place to the father, and in case of his ab-
sence, legal incapacity or death, to the mother.

"Illegitimate children and adopted minors shall be under the
*potestas* of the father or mother acknowledging or adopting them.
Where they have been acknowledged or adopted by both parents,
the provision of paragraph 1 of this section shall be applicable."

The contention of appellant is that under the new wording
of the law her right arises and arises only by virtue of the
death of the father, and hence the divorce decree could not
affect a right which accrued after the date of the decree. In
other words, although section 234 of the Civil Code says
in effect that the guilty spouse shall lose the *patria potestas*

when the custody of a child is awarded to the other, nevertheless that a person cannot lose what she did not possess.

There is force in the argument, but it cannot prevail against the intention of the legislature as evidenced by section 222, as amended *supra,* and section 234, and the general nature of divorce. A wife had something to lose in this regard both before and after March 14, 1907. She had a potential or inchoate right to the dominion of her child comparable to her right over the community property. Indeed, with regard to the community property during the lifetime of her husband, her rights were very dubious and vague, but courts have declared that they exist. Under section 222, as amended, the husband has the prior right, but it is not an exclusive one. This is evidenced perticularly by the fact that it belongs to the wife not only on the death but in the absence of the husband. Some right there always is even if quiescent or dominated by the right of the husband. As the right to the *patria potestas* naturally inheres in both parents, it cannot be supposed that the legislature in 1907 was abolishing the fundamental right of the mother only to arise in cases of death, disability or absence of the father. It may be true, as appellant points out, citing from Sánchez Román, Vol. II, Tom. V, p. 1103, that the *patria potestas* is more of a natural function than a right, but a legal relation necessarily exists, as is evidenced by the very suit brought in this case. The *patria potestas* is a legal institution. We think the legislature by section 234 intended to destroy that relation in the guilty spouse, and the law of 1907 supposes that the relation or function is valid and subsisting for both parents. The nature of divorce is to dissolve the legal bond between husband and wife. The nature of the custody awarded is to dissolve the legal relation between the guilty parent and the child. This is further evidenced by section 175 of the Civil Code, as follows:

"In all cases of divorce the minor children shall be placed under the *patria potestas* of the party who has obtained the divorce;

but the other spouse shall have the right to continue family relations with his or her children."

Family relations, as distinguished from *patria potestas*, may continue. The legal relation of *patria potestas* is ended. The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison dissented.